IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **EUGENIO SANTIAGO VAZQUEZ, HIS WIFE VANESSA CINTRON AND THEIR CONJUGAL PARTNERSHIP** **Plaintiffs** | CIVIL NUM.: 14-1425 |
| VS | JURY TRIAL REQUESTED |
| **WALMART PUERTO RICO, INC. ; SUPERMERCADOS AMIGO** **Defendants** | |

## COMPLAINT

**TO THE HONORABLE COURT:**

**COME NOW** the plaintiffs through the undersigned attorney, and very respectfully **STATE, ALLEGE and PRAY** as follows:

**I.   INTRODUCTORY STATEMENT**

1.   The plaintiff, Eugenio Santiago Vazquez ("Santiago"), his wife, Vanessa Cintrón, and their conjugal partnership, bring this action under the American with Disabilities Act ("ADA"), as well as under various Puerto Rico antidiscrimination statutes, seeking redress from the defendant, Walmart Puerto Rico Inc., and Supermercados Amigo, ("defendant" or "WalMart"), for conduct in the workplace which constitutes discrimination, harassment and retaliation, by reason of disability, requests for reasonable accommodation, and retaliation for Santiago's requests for a reasonable accommodation and his opposition against defendant's unlawful employment practices.

**II.   JURISDICTION**

2.   The jurisdiction of this Honorable Court is invoked pursuant to the American with

˘1˘

Disabilities Act ("ADA"). The plaintiffs also invoke this Court's supplemental jurisdiction pursuant to 28 U.S.C. sec. 1367, and seek relief under Puerto Rico's Law Number 44, of June 2, 1985, as amended; Law Num. 80 of May 30, 1976, as amended; and Law Num. 115 of December 20, 1991, and article 1802 of the Civil Code of the Commonwealth of Puerto Rico.

3. All conditions precedent to jurisdiction under ADA, have been complied with.

4. The plaintiff is citizen of the Commonwealth of Puerto Rico.

5. This action involves a sum in excess of $75,000.00, exclusive of interest and cost.

6. This is the proper venue to bring this action, since the facts relating to the cause of action arose in this district.

7. Santiago filed a charge of discrimination on January 27th, 2011, before the Antidiscrimination Unit of the Department of Labor and Human Resources ("ADU"), and the Equal Employment Opportunity Commission ("EEOC"). The EEOC issued the Notice of Right to Sue on February 27th, 2014.

### III.  JURY TRIAL DEMANDED

8. The plaintiff demands a jury trial on all causes of action pleaded in this case.

### IV.  PARTIES

9. Santiago is a natural person, of legal age, and is resident of the Commonwealth of Puerto Rico. Santiago is married with co-plaintiff Vanessa Cintrón, and between them have a conjugal partnership which is also a defendant in this case.

10. The defendant is a corporation, duly incorporated and authorized to do business in Puerto Rico, and has continuously employed in excess of 20 persons at all times. At all times, the defendant has been an "employer", as all applicable statutes define that term.

V.	FACTS

11.	Santiago was born on June 18, 1974.

12.	Santiago started working for the defendant in or around the year 2001, and received several promotions, due to his excellent performance, throughout his employment with the defendant.  Santiago was promoted from a position of Produce Clerk to a position of Produce Manager, and since approximately September, 2009, he occupied a position of Produce Manager in the Fruits and Vegetables Department at the Amigo Supermarket located in Naranjito, Puerto Rico, up until approximately July 2011.  Approximately in July 2011, the plaintiff was transferred to defendant's store located in Manatí, and was also demoted from his position of Produce Manager to a position of clerk in the Fruits and Vegetables department in the Manatí store, position that he occupied up until his last day of employment with the defendant on September 26, 2013.

13.	Santiago, at all times, performed his functions and duties in an excellent manner.

14.	Santiago, since approximately the year 2002, and even as of today, was diagnosed as suffering from a chronic depression, with panic attacks and schizophrenia, conditions which the plaintiff still suffers, even as of today, notwithstanding the medications and the medical treatment received.  As a result of plaintiff's mental and emotional condition previously described, his chronic depression, panic attacks and schizophrenia, since the year 2002, up to the present and for the rest of his life.  Santiago is substantially limited in the performance of the following daily life activities: sleeping, insomnia, eating, driving, performing house chores, and since approximately September 26, 2013, and even as of today, work.  However, Santiago could perform, and indeed performed, up until his last day of work with the defendant, the duties and functions of his position.

15. As a result of plaintiff's mental and emotional condition, Santiago, since approximately the year 2002 and up until his last day of employment with the defendant, requested several reasonable accommodations, specifically, time off to attend his medical appointments and medical treatment, medical leaves, the assignment to a working shift during the day, and later on, after Mr. Yamil Gracia ("Gracia") became plaintiff's supervisor, a change of store in order to be assigned to a store near his residence.  The defendant granted plaintiff's requests for reasonable accommodation, however, after May 2010, plaintiff's new supervisor, Gracia, removed from the plaintiff his reasonable accommodation and did not grant to the plaintiff any reasonable accommodation, notwithstanding plaintiff's requests and notwithstanding the fact that the defendant, since 2002 had granted to the plaintiff his reasonable accommodation requests.

16. Santiago, before Gracia became his supervisor in May 2010, had a reasonable accommodation, and he was assigned to work during a day shift, never after 4:00PM, and was also allowed to go to his medical appointments with his psychiatrist.  However, on May 2010, Gracia was assigned to the store in which the plaintiff worked, and became Store Manager and became plaintiff's supervisor.

17. Immediately after Gracia became Santiago's supervisor on May 2010, Gracia removed from the plaintiff all the reasonable accommodations granted to him, which were previously described.

18. Gracia, immediately after  Santiago became his supervisor, removed from Santiago his reasonable accommodation of working during the day, never after 4:00PM, and instead assigned the plaintiff to a working shift, closing the store, during the night, and made discriminatory comments regarding that he was not going to provide to Santiago any reasonable

˘4˘

accommodation whatsoever, since there were no documents in the human resources office regarding the reasonable accommodation provided to Santiago, and thus, he was not going to provide to the plaintiff any reasonable accommodation, even though such allegations were false, since the plaintiff, at all relevant times, provided to the defendant any and all documents, which supported his reasonable accommodation requests. Gracia also constantly, almost on a daily basis, up until the last day that he supervised the plaintiff, told Santiago that he was not going to provide any reasonable accommodation to him.

19. Gracia also, at the time in which Santiago informed him that he needed a medical leave and/or time off in order to receive medical treatment for his condition, assigned the plaintiff to work during the same time period which Santiago had requested the medical leave and/or the time off to go to his medical appointment, and told Santiago not to go to his medical appointment and to skip the same, since he has to work.

20. Gracia also, while he supervised the plaintiff, constantly, almost on a daily basis, screamed and yelled to Santiago with regards that the plaintiff could not take Monday's off for his medical appointments, even though the plaintiff, as part of his reasonable accommodation requests, requested time off for medical appointments on Monday, and the same were granted to him, without any problems whatsoever. Gracia also ordered the plaintiff that he needed to go to his medical appointments during his days off, however, it was impossible for Santiago to do so since Gracia himself constantly changed plaintiff's days off, whenever the plaintiff informed Gracia that he had scheduled his medical appointments for his scheduled day off.

21. Gracia also, while he supervised the plaintiff, screamed and yelled to Santiago constantly at the time that he gave instructions to the plaintiff and also at the times in which the plaintiff requested medical leaves and time off to receive medical treatment for his mental and

emotional condition. Gracia also screamed and yelled to Santiago and referred to him with foul language, whenever he was giving instructions and orders to the plaintiff.

22.     Gracia also, while he supervised the plaintiff, constantly, on a daily basis, made comments to Santiago such as that he was crazy and also referred to Santiago as "el loquito", that Santiago was crazy and dangerous and should not work at the store, that Santiago could not performed the functions and duties of his position because he was crazy and also due to the medications taken by him; that the medications taken by Santiago made him slow and dumb; that Santiago should not be working there because of the medications taken by him to sleep; that Gracia did not know who gave Santiago the position of Produce Manager because the plaintiff should not be working at the store because of his mental condition; that Santiago cannot close the store because he was on medication; that Santiago was faking and malingering his condition and thus, no accommodation was going to be granted to him; that due to the sleeping pills, Santiago cannot close the store; Gracia also constantly asked Santiago about his sleeping pills and what kind of pills were those, making fun of the plaintiff. Gracia also told the plaintiff that he was going to remove the reasonable accommodation provided to Santiago and that he was not going to provide to Santiago any reasonable accommodation.

23.     Santiago, approximately on July 12, 2010, complained to defendant's human resources officers about the different harassing and discriminatory actions from Gracia against him, because of his disability and requests for reasonable accommodation. However, the defendant never conducted any investigation and never took any type of corrective action.

24.     Immediately after Santiago's harassment and discrimination complaint, the plaintiff was informed by Gracia and by defendant's human resources officers that there were no documents regarding the reasonable accommodation that was granted to him since

approximately the year 2002, and thus, no accommodation was going to be provided to him, however, such allegations were false, since Santiago provided to the defendant medical certificates regarding his condition and his reasonable accommodation requests. Gracia and defendant's human resources officers also informed Santiago that he was going to be submitted to an evaluation in August 2010, by an independent doctor, in order to determine whether an accommodation was going to be provided to him or not and whether the plaintiff could perform the functions and duties of his position or not. The defendant also, on August 9, 2010, before the medical evaluation, prepared a job description of plaintiff's position in which it included functions and duties which the plaintiff did not perform, and could not performed. Santiago was evaluated on August 2010, and the independent doctor concluded that the defendant should reinstate the reasonable accommodation previously provided to Santiago and which was removed from him, and thus, the defendant, following the recommendations from its own medical evaluator, provided to Santiago, on November 2010, the reasonable accommodation, which he previously had, and which was removed from him. However, within a short time, approximately one month after it provided to the plaintiff the reasonable accommodation, started making changes to plaintiff's working shifts, and Gracia started to assign the plaintiff to work during the night, thus, removing once again, plaintiff's reasonable accommodation.

25. Although the defendant, on November 2010, reinstated plaintiff's previous reasonable accommodation for a very short time period, Gracia nevertheless continued with his actions of not allowing the plaintiff to go to his medical appointments and ordered the plaintiff to cancel his medical appointments and go to the same during his days off. However, Gracia would constantly change plaintiff's days off and working schedule, thus, making it impossible for the plaintiff to go to his medical appointments. Gracia continued constantly telling Santiago that he

˜7˜

was not going to provide him any reasonable accommodation.

26. Gracia continued making, with the same frequency up until the last day that he supervised the plaintiff, the same comments previously described, related to plaintiff's disability and requests for reasonable accommodation, since notwithstanding plaintiff's complaints against him, the defendant never took any type of corrective actions.

27. Santiago, due to defendant's failure to take any type of corrective actions, notwithstanding his complaints, filed a Discrimination Charge before the EEOC and the ADU, on January 27th, 2011, and immediately notified the same to the defendant.

28. Gracia also, immediately after plaintiff's discrimination complaints and the discrimination charge filed and up until the last day that he supervised the plaintiff, started threatening Santiago with his termination due to his discrimination complaints and the discrimination charge filed against him. Gracia also constantly, on a daily basis and up until the last day that he supervised the plaintiff, screamed and yelled to Santiago instructions, even in front of customers and other co-workers, however Gracia did not scream nor yell to other employees, only to Santiago.

29. Gracia also, immediately after plaintiff's complaints, and up until the last day that he supervised the plaintiff, started to issue warnings and disciplinary actions against the plaintiff, for totally unjustified reasons.

30. Gracia, and defendant's human resources officers, since the beginning of July 2012, failed to provide to Santiago information regarding his medical leaves balances, and his Family Medical Leave rights and obligations and denied plaintiff's requests for medical leave.

31. Gracia also constantly changed plaintiff's working schedule and assigned the plaintiff to close the store, notwithstanding plaintiff's reasonable accommodation requests and

the accommodation ordered by defendant's own medical evaluator, of assigning to the plaintiff a working shift during the day.

32. Gracia also removed from Santiago some of his most important functions and duties, among these: to make the working schedules for the employees under his supervision in the Produce department. Gracia also constantly changed the orders for produce made by the plaintiff, and then questioned the plaintiff, threatened him, and screamed and shouted at him, whenever the plaintiff takes any action with regards to the orders that he did not prepared. Gracia also removed from the plaintiff the functions and duties related to the inventory. Gracia would also constantly made comments regarding that since the plaintiff was crazy and on medication he could not perform his functions and duties and, thus, Gracias had to remove the same from Santiago.

33. The defendant and Gracia also failed to evaluate plaintiff's performance, while other employees similarly situated with the plaintiff were evaluated and received salary increases.

34. Santiago continued, almost on a weekly basis, up until the last day that Gracia supervised him, complaining about the previously described actions from Gracia against him to defendant's human resources officers assigned to the Naranjito store. However, the defendant never conducted any type of investigation, nor took any type of corrective action. Due to defendant's failure to take any type corrective action, Gracia continued with the previously described actions against the plaintiff up until the last day that he supervised him. Due to the aforementioned, the plaintiff, as a reasonable accommodation, requested a transfer to another store in order not to be supervised by Gracia, since Gracia's previously described comments and actions had negatively and drastically affected his mental and emotional condition, however, the

defendant never offered to the plaintiff a transfer to another store, even though there were several openings available, and as a result, the plaintiff continued working under the supervision of Gracia.

35. Gracia, almost on a daily basis after plaintiff's complaints, and up until the last day that he supervised the plaintiff, made comments to the plaintiff and threatened him with his termination, due to his complaints. Gracia also, with the same frequency, told Santiago that he was not going to approve his transfer to another store due to his discrimination complaints; Gracia also, each and every time that the plaintiff requested time off in order to go to a medical appointment, told him not to bother to come back and that if he continued with his leave requests, he was going to be discharged; Gracia also told Santiago that he did not trusted him due to his discrimination complaints.

36. The defendant never approved the transfer of the plaintiff to another store, and thus, he continued to work under the supervision of Gracia, until approximately July 2011.

37. Gracia, at the time that the Naranjito store closed in July 2011, transfer the employees that were assigned to that store to other defendant's stores located near the Naranjito store and near the places where the employees lived. However, Gracia transferred the plaintiff to the Manatí store, which was a store located far away from plaintiff's residence. The plaintiff worked in the Naranjito store, up until his last day of work with the defendant.

38. The plaintiff, on July 2011, was transferred to the Manatí store and demoted the plaintiff from the position of Produce Manager to a position of Clerk in the Fruits and Vegetable Department.

39. The defendant, through plaintiff's new supervisor at the Manati store, Mrs. Salomé Quiñones, also issued, on August 2012, disciplinary actions against the plaintiff due to

his absences related to his medical leaves and leaves requests in order to receive medical treatment for his mental and emotional condition, and threatened the plaintiff, that if he did not sign and accept the conduct in the warning, he was going to be further disciplined.

40. While Quiñones supervised the plaintiff she told Santiago, almost on a daily basis, that she did not trust him due to the Discrimination Charge filed; that she was not going to provide Santiago any reasonable accommodation and that if he continued with his requests for medical leaves and time off to receive medical treatment he was going to be discharged; that since Santiago was crazy and on medication he could not perform the functions and duties of a manager and that he could perform, if any, the functions and duties of a clerk; that Santiago was crazy and useless for the company and should leave before being discharged; that if Santiago continue with his discrimination complaints he was going to be discharged.

41. Quiñones also assigned the plaintiff to work during the night and constantly, almost on a daily basis, up until plaintiff's last day of employment with the defendant, informed the plaintiff that she was not going to provide him with a reasonable accommodation.

42. Quiñones also disciplined the plaintiff due to his leave requests in order to receive medical treatment and threatened Santiago with his requests for time off and medical leaves.

43. Quiñones also made fun and ridicule of the plaintiff, constantly making comments to him regarding his demotion from Produce Manager to Clerk, and also regarding plaintiff's mental and emotional condition and his requests for reasonable accommodation.

44. Santiago continued, approximately on a weekly basis, with his discrimination complaints to the human resources officers with regards to the actions of Quiñones previously described, however, the defendant never took any type of corrective action and, thus, the previously described actions from Quiñones continued up until plaintiff's last day of employment

with the defendant.

45.     The previously described actions and omissions from the defendant, drastically affected Santiago's terms and conditions, as well as his mental and emotional condition, and created a hostile environment, because of plaintiff's disability, requests for reasonable accommodation and his opposition against defendant's discriminatory actions.

46.     Due to the previously described actions against the plaintiff, which negatively and drastically affected his mental and emotional condition, the plaintiff, on September 26, 2013, requested a leave in order to receive treatment for his deteriorated mental and emotional condition.  As of today, and notwithstanding the treatment received, the plaintiff has not been able to report back to work, since Gracia's and Quiñones' actions against him previously described, as well as defendant's failure to take any type of corrective action, negatively and drastically affected his mental and emotional condition, up to the point in which the plaintiff, following the instructions and orders of his psychiatrist, had no other option but to involuntary resign from his position on March 31, 2014.

47.     Undoubtedly, the plaintiff was harassed, discriminated, retaliated and constructively discharged, due to his disability, requests for reasonable accommodation, and opposition against defendant's unlawful employment practices.

48.     The wife of Santiago has suffered severe mental, emotional and economic damages, due to the different discriminatory and retaliatory actions taken against Santiago, which drastically and negatively affected plaintiff's mental and emotional condition.

49.     As a result of the events described herein, the plaintiffs have suffered considerable damages, including economic damages, significant mental, emotional and physical sufferings, loss of self-esteem, as well as an affront to their dignity as a human being.

50.	At the time the plaintiff was harassed and discriminated by the defendant, the latter was fully aware of the provisions of ADA, Law 115, supra, Law 44, supra, and Law 80, supra.  Defendant acted willfully and with reckless disregard of the law in harassing and discriminating against the plaintiff, solely because of Santiago's disability, his requests for a reasonable accommodation, and his opposition against defendant's unlawful actions.  The harassment and discrimination against Santiago constitute a willful violation of ADA, Law Num. 44, supra, and Law Num. 115, supra, and as such, entitles the plaintiff to recover punitive, double, and compensatory damages.

## VI.	CAUSES OF ACTION

### FIRST CAUSE OF ACTION

1.	Plaintiff alleges and realleges all previous paragraphs, as if fully alleged herein.

2.	Defendant's actions and or omissions constitute harassment and discrimination by reason of disability, requests for a reasonable accommodation, as well as retaliation due to plaintiff's requests for reasonable accommodation and opposition against defendant's unlawful employment practices, in violation of the constitutions and laws of the Commonwealth of Puerto Rico, as well as of the United States of America.

### SECOND CAUSE OF ACTION

1.	Plaintiffs allege and reallege all previous paragraphs, as if fully alleged herein.

2.	The events described herein constitute retaliation, due to plaintiff's opposition against defendant's unlawful employment practices, and his requests for reasonable accommodation, in violation of ADA. Law Num. 44, supra, and Law Num. 115, supra.

### THIRD CAUSE OF ACTION

1.	Plaintiffs allege and reallege all previous paragraphs, as if fully alleged herein.

2. The events described herein constitute harassment and discrimination by reason of plaintiff's disability and requests for reasonable accommodation, in violation of ADA and Law Num. 44, supra.

### FOURTH CAUSE OF ACTION

1. Plaintiffs allege and reallege all previous paragraphs, as if fully alleged herein.

2. The events described herein constitute a hostile working environment due to plaintiff's disability, requests for reasonable accommodation and opposition against defendant's unlawful employment practices, in violation of ADA, Law Num. 44, supra, and Law Num. 115.

### FIFTH CAUSE OF ACTION

1. Plaintiffs allege and reallege all previous paragraphs, as if fully alleged herein.

2. The events described herein constitute a constructive discharge, in violation of Law Num. 80, supra.

### SIXTH CAUSE OF ACTION

1. Plaintiffs allege and reallege all previous paragraphs, as if fully alleged herein.

2. The events described herein constitute a tort in violation of article 1802 of the Civil Code of the Commonwealth of Puerto Rico.

**WHEREFORE**, the plaintiffs pray this Honorable Court for:

1. Enter a declaratory judgment against the defendant, due to violations of the Constitution and Laws of the United States of America and of the Commonwealth of Puerto Rico.

2. Award plaintiffs damages in the amount of $500,000.00 for mental anguishes, mental and emotional sufferings, distress, and loss of self-esteem.

3. Order the defendant to make the plaintiffs whole, by ordering damages for loss of income, back pay, front pay, and loss of benefits, in an amount not less than $500,000.00.

4. Award the plaintiffs compensatory damages caused as a result of the illegal actions and omissions in the amount of $500,000.00.

5. Award the plaintiffs punitive damages.

6. Award the plaintiffs compensatory damages.

7. Award plaintiffs double damages.

8. Reinstatement.

9. Award the plaintiffs the cost of this action, together with reasonable attorney fees.

10. Award the plaintiffs prejudgment interest.

11. Award the plaintiffs such further relief as this Honorable Court deems fair and appropriate.

**RESPECTFULLY SUBMITTED**

In San Juan, Puerto Rico, this 23rd day of May of the year 2014.

s:/*ANIBAL ESCANELLAS RIVERA*
**Anibal Escanellas Rivera**
**U.S.D.C. # 208908**

**ESCANELLAS & JUAN, PSC**
204 Domenech Ave.
Hato Rey, PR 00918
Tel. 787-758-3000 Fax: 787-250-1111
Email: escanellas@prtc.net